NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 30 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SYSCOM (USA), INC., a New York corporation, | No. 22-55622 |
| Plaintiff-Appellant, | D.C. No. 2:14-cv-07137-AB-JPR |
| v. | |
| NAKAJIMA CO., LTD., | MEMORANDUM* |
| Defendant-Appellee, and | |
| NAKAJIMA USA, INC., a California corporation; NEKO WORLD, INC., a California corporation; TORRANCE TRADING, INC., a California corporation; SHINJI NAKAJIMA, a citizen of California; DOES, 1 through 10, inclusive, | |
| Defendants. | |

Appeal from the United States District Court
for the Central District of California
Andre Birotte, Jr., District Judge, Presiding

Argued and Submitted September 26, 2023
San Francisco, California

Before: WARDLAW, CHRISTEN, and SUNG, Circuit Judges.
Dissent by Judge CHRISTEN.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Syscom (USA), Inc. ("Syscom") appeals the district court's order granting Nakajima Co., Ltd.'s ("Nakajima") motion for post-judgment attorneys' fees pursuant to section 685.040 of the California Code of Civil Procedure. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1.      The district court did not abuse its discretion by concluding that Nakajima incurred fees in "enforcing a judgment" of the district court that "include[d] an award for attorney[s'] fees authorized by contract." Cal. Civ. Proc. § 685.040; *Jaffe v. Pacelli*, 165 Cal. App. 4th 927, 935 (2008). The parties do not dispute that the district court's order denying Syscom's motion to add and the district court's related fee order (collectively, the "Motion to Add Order") and entry of judgment against Nakajima's U.S. subsidiaries is a "judgment" that includes an award of attorneys' fees authorized by contract. Rather, Syscom argues that Nakajima's efforts defending against an action Syscom filed in Tokyo District Court (the "Japan Action") were not efforts to enforce that judgment. According to Syscom, the Japan Action did not threaten the validity of the Motion to Add Order and judgment because the Japan Action sought damages against Nakajima for allegedly tortious conduct that occurred after the district court denied Syscom's motion.

However, in its briefing in an earlier appeal before this court, Syscom described the Japan Action as an attempt "to hold [Nakajima] liable for the District

2

Court judgment" that Syscom had obtained against Nakajima's U.S. subsidiaries, to which the district court had declined to add Nakajima in the Motion to Add Order. Indeed, the amount of damages Syscom sought in the Japan Action for Nakajima's post-judgment conduct was almost the exact amount to the dollar of the judgment Syscom had obtained against Nakajima's U.S. subsidiaries in the breach of contract action. By Syscom's own admissions, Nakajima's defense against the Japan Action constituted "enforc[ement of] a judgment" because the Japan Action, if successful, would have had the effect of defeating the district court's prior order and judgment that Nakajima was not liable under an alter-ego theory for the judgment against its U.S. subsidiaries. Cal. Civ. Proc. § 685.040; *see also Globalist Internet Techs., Inc. v. Reda*, 167 Cal. App. 4th 1267, 1274 (2008) (noting that the plain meaning of § 685.040 "include[s] defending the validity of the judgment against challenge in a separately filed attack").[1]

2. Nor did the district court abuse its discretion by awarding Nakajima its requested fee amount of $115,310.52. Nakajima's request for $108,349.27 in fees expended defending against the Japan Action was reasonable in light of the more than $1.2 million Syscom sought in that action.[2] The district court

---

[1] We do not rely on the legislative history materials contained within Nakajima's unopposed motion to take judicial notice (Dkt. 17). The motion therefore is DENIED as moot.

[2] Syscom did not object to the $6,961.25 in fees sought by Nakajima for filing the fee motion.

appropriately relied on the Japan Federation of Bar Association's Fee Schedule and related customary practices to conclude that Nakajima's requested fee amount, which included a twenty-five percent discount applied by counsel for Nakajima, was lower than the amount typically charged for the services provided. *See PLCM Group v. Drexler*, 22 Cal. 4th 1084, 1095 (2000) ("The reasonable hourly rate is that prevailing in the community for similar work."). This determination fell well within the district court's "broad authority to determine the amount of a reasonable fee." *Id.*

**AFFIRMED.**

*Syscom (USA), Inc. v. Nakajima Co., Ltd.,* No. 22-55622

CHRISTEN, Circuit Judge, dissenting:

The complaint in the Japan Action alleges that Nakajima Japan transferred the assets and business operations of its subsidiary, Neko World, to itself "for the purpose of obstructing the compulsory execution of [Syscom's] right against Neko's assets" in violation of Article 709 of the Japanese Civil Code. Because Nakajima Japan's actions had made it "impossible for [Syscom] to collect its claims against Neko," Syscom sought damages for a similar amount from Nakajima Japan directly.

The district court correctly observed that the Japan Action sought to hold Nakajima Japan liable under the Japanese doctrine of denying legal entity, which it considered equivalent to the alter ego theory presented in Syscom's Motion to Add. But this was only a secondary theory advanced in the Japan Action. The district court did not acknowledge that the Japan Action primarily sought to hold Nakajima Japan liable for its own tortious conduct in fraudulently transferring Neko World's assets in 2019. This new theory of liability, supported by allegations of actions that Nakajima Japan took after the close of discovery in the California case, was not the basis of the district court's Motion to Add Order. Syscom's representations before this court, however imprecisely worded,

1

do not undermine that conclusion.  Because the district court did not consider this theory of liability in its analysis of the Japan Action, I would vacate and remand.